UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Thomas J. Hackett,

      Petitioner,

      v.                                                  Civil Action No. 5:12-cv-158

Xu Zhou;
The State of Vermont;
Chittenden Criminal Division;
William H. Sorrell,
Vermont Attorney General,

      Respondents.

## REPORT AND RECOMMENDATION
(Docs. 4, 5, 9)

Thomas J. Hackett, proceeding *pro se*, petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A Vermont jury convicted Mr. Hackett of felony unlawful trespass on March 12, 2012, but he has not yet been sentenced. His Petition (Docs. 4, 5) asserts multiple constitutional violations, including due process violations and ineffective assistance of counsel.

Respondent moves to dismiss Mr. Hackett's Petition without prejudice. (Doc. 9.) Respondent contends that the Petition asks for relief that would interfere with an ongoing state criminal prosecution, and therefore the court must abstain from reaching the merits of Mr. Hackett's claims. Respondent also argues that Mr. Hackett has not yet exhausted his federal claims as required by § 2254. For these reasons, I recommend that Mr. Hackett's Petition be DISMISSED without prejudice.

## Factual and Procedural Background

On March 12, 2012, a jury convicted Mr. Hackett on one count of felony unlawful trespass in violation of 13 V.S.A. § 1027(a). Sentencing was originally scheduled for April 27, 2012, but the trial court continued the sentencing hearing on April 20, 2012. At a hearing on August 23, 2012, the trial court ordered an outpatient evaluation of Mr. Hackett for competency. A competency hearing is scheduled for November 26, 2012. (Doc. 9-1 at 6-9.)

Mr. Hackett filed the present Petition for a Writ of Habeas Corpus on August 8, 2012.[1] The Petition raises claims arising out of his criminal prosecution as well as family court proceedings. Among other things, Hackett claims that "the State of Vermont cannot prove the required element of 'license'" and suggests that he was arrested on a false warrant. (Doc. 5 at 8.) He also claims due process violations and ineffective assistance of counsel. *See id*. at 11-13. For relief, Mr. Hackett asks the court to vacate his March 2012 felony trespass conviction as well as "all subsequent (including family court) orders that have emanated from it," enjoin his sentencing, and order his release from "the state's . . . control." *Id*. at 19.

## Discussion

Mr. Hackett seeks habeas relief under § 2254 while his state criminal prosecution remains ongoing. In *Younger v. Harris*, 401 U.S. 37, 46 (1971), the Supreme Court held that federal courts should generally abstain from asserting jurisdiction over federal

---

[1] Mr. Hackett amended his Petition on August 23, 2012 (Doc. 5), but the amended version only clarifies that he requests that the writ be directed to Vermont Attorney General William Sorrell, and does not alter his factual allegations or legal claims.

constitutional claims that involve or call into question ongoing state proceedings. *See also Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003). This rule of abstention "is grounded in interrelated principles of comity and federalism." *Spargo*, 351 F.3d at 74 (citing *Schlagler v. Phillips*, 166 F.3d 439, 442 (2d Cir. 1999)). "Giving states 'the first opportunity . . . to correct their own mistakes' when there is an ongoing state proceeding serves the vital purpose of 'reaffirm[ing] the competence of the state courts,' and acknowledging the dignity of states as co-equal sovereigns in our federal system." *Id*. at 75 (quoting *Diamond "D" Constr. Co. v. McGowan*, 282 F.3d 191, 200 (2d Cir. 2002)).

As applied in the Second Circuit, *Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his federal constitutional claims. *See Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 100-01 (2d Cir. 2004). Mr. Hackett's Petition satisfies all three conditions. First, Mr. Hackett's claims arise out of his ongoing criminal prosecution, and he asks the court to interfere with that prosecution by, among other things, enjoining his sentencing and vacating his conviction. Second, it is well established "that a state's interest in the administration of criminal justice within its borders is an important one." *Hansel v. Town Court for the Town of Springfield*, 56 F.3d 391, 363 (2d Cir. 1995). Third, his state court criminal proceeding provides Mr. Hackett with the opportunity to raise claims or defenses asserting violations of the U.S. Constitution. *See Kugler v. Helfant*, 421 U.S.

3

117, 124 (1975) ("ordinarily, a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

Because all three conditions of the *Younger* doctrine are met, abstention is required, and Mr. Hackett's Petition should be DISMISSED without prejudice. *See Allah El v. Warden of Rikers Island*, No. 07-CV-04975(DLI)(LB), 2006 WL 5230021, at *2 (E.D.N.Y. Jan. 11, 2006) (applying *Younger* abstention to a § 2254 petition because "the state criminal charges against plaintiff are still pending").

Mr. Hackett's Petition should also be dismissed for the further reason that he has not yet exhausted his federal claims. Before bringing a habeas petition in federal court, § 2254 requires petitioners to exhaust the remedies available to them in the state courts. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000); 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a petitioner must "fairly present" both the factual and legal premises of his federal claim to the highest state court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (stating that "[t]o exhaust, the petitioner must 'fairly present' his or her federal claims to the state courts, meaning that he or she must put before the appropriate state court 'all of the essential factual allegations.'") (quoting *Daye v. Att'y Gen. of the State of New York*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)).

In this case, with his prosecution not yet final, Mr. Hackett has not presented his federal claims to the Vermont Supreme Court, and therefore such claims cannot be raised in a § 2254 petition. *See Hoskins v. Cnty of Nassau Criminal Court*, No. 11-CV-0868(JS), 2011 WL 809686, at *1 (E.D.N.Y. Feb. 25, 2011) (dismissing, for failure to

117, 124 (1975) ("ordinarily, a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

Because all three conditions of the *Younger* doctrine are met, abstention is required, and Mr. Hackett's Petition should be DISMISSED without prejudice. *See Allah El v. Warden of Rikers Island*, No. 07-CV-04975(DLI)(LB), 2006 WL 5230021, at *2 (E.D.N.Y. Jan. 11, 2006) (applying *Younger* abstention to a § 2254 petition because "the state criminal charges against plaintiff are still pending").

Mr. Hackett's Petition should also be dismissed for the further reason that he has not yet exhausted his federal claims. Before bringing a habeas petition in federal court, § 2254 requires petitioners to exhaust the remedies available to them in the state courts. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000); 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a petitioner must "fairly present" both the factual and legal premises of his federal claim to the highest state court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (stating that "[t]o exhaust, the petitioner must 'fairly present' his or her federal claims to the state courts, meaning that he or she must put before the appropriate state court 'all of the essential factual allegations.'") (quoting *Daye v. Att'y Gen. of the State of New York*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)).

In this case, with his prosecution not yet final, Mr. Hackett has not presented his federal claims to the Vermont Supreme Court, and therefore such claims cannot be raised in a § 2254 petition. *See Hoskins v. Cnty of Nassau Criminal Court*, No. 11-CV-0868(JS), 2011 WL 809686, at *1 (E.D.N.Y. Feb. 25, 2011) (dismissing, for failure to

117, 124 (1975) ("ordinarily, a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

Because all three conditions of the *Younger* doctrine are met, abstention is required, and Mr. Hackett's Petition should be DISMISSED without prejudice. *See Allah El v. Warden of Rikers Island*, No. 07-CV-04975(DLI)(LB), 2006 WL 5230021, at *2 (E.D.N.Y. Jan. 11, 2006) (applying *Younger* abstention to a § 2254 petition because "the state criminal charges against plaintiff are still pending").

Mr. Hackett's Petition should also be dismissed for the further reason that he has not yet exhausted his federal claims. Before bringing a habeas petition in federal court, § 2254 requires petitioners to exhaust the remedies available to them in the state courts. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000); 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a petitioner must "fairly present" both the factual and legal premises of his federal claim to the highest state court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (stating that "[t]o exhaust, the petitioner must 'fairly present' his or her federal claims to the state courts, meaning that he or she must put before the appropriate state court 'all of the essential factual allegations.'") (quoting *Daye v. Att'y Gen. of the State of New York*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)).

In this case, with his prosecution not yet final, Mr. Hackett has not presented his federal claims to the Vermont Supreme Court, and therefore such claims cannot be raised in a § 2254 petition. *See Hoskins v. Cnty of Nassau Criminal Court*, No. 11-CV-0868(JS), 2011 WL 809686, at *1 (E.D.N.Y. Feb. 25, 2011) (dismissing, for failure to

exhaust, a § 2254 petition brought during an ongoing state criminal proceeding); *Jennings v. Abrams*, 565 F. Supp. 137, 138-39 (S.D.N.Y. 1983) (dismissing § 2254 petition for failure to exhaust and explaining that "[t]he issue of exhaustion is particularly sensitive here, where this federal court is . . . being asked to interfere with an ongoing criminal proceeding in state court").[2]

## Conclusion

For the reasons set forth above, I recommend that Respondent's Motion to Dismiss (Doc. 9) be GRANTED, and that Mr. Hackett's Petition (Docs. 4, 5) be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 19th day of November, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

---

[2] Other courts in this circuit have also found that § 2254 habeas petitions challenging ongoing state prosecutions are barred as "premature." *See*, *e.g.*, *Williams v. Horn*, No. CV-06-3068 (BMC), 2006 WL 2333874, at *1 (E.D.N.Y. Aug. 9, 2006) ("because the criminal proceedings are ongoing, there has been no judgment or adjudication on the merits of petitioner's claims and therefore, this § 2254 petition is premature"); *see also Allah El*, 2006 WL 5230021, at *2 ("there must be a state court conviction and sentence to challenge in order to file a petition under 28 U.S.C. § 2254").